DAVID W. ALLMON

*v.*

WILLIAM H. STEVENS.

1. SURVEYS — *establishing lost corners under act of* 1869. Surveyors appointed under the provisions of the act of March 25, 1869, entitled "An act to provide for the permanent survey of lands," have no power to establish new corners or lines. They are only authorized to ascertain the original corners and lines and re-establish them.

2. The fact that the corner of a quarter of land, as found by the surveyors, is not in a direct line with the corresponding corners of other sections north and south of it, without deflecting the line running north and south, affords no sufficient ground for not approving their report, for the reason that by reference to the notes returned by the government surveyor, it appears that many section corners on the lines from north to south, and *vice versa*, are not on a direct line, but the line deflects east and west more or less. Neither is the line dividing a section always to be found in the exact centre of the section.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a petition filed by William H. Stevens, against David W. Allmon, for the appointment of a commission of three surveyors to establish the quarter section corner on the north side of section 22, T. 3 N., R. 2 E., with the half mile line dividing said section north and south, which was alleged to have been in dispute. Allmon appealed from the final order of the court confirming the report of the surveyors.

Mr. T. E. MERRITT, and Messrs. CASEY & DWIGHT, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court :

The only real controversy in this case is, as to the half mile corner on the north line of section twenty-two, in township three north, range two east. This was a proceeding under the act of March 25, 1869, entitled "An act to provide for the permanent survey of lands."

We had occasion, in the case of *Martz et al.* v. *Williams et al.* 67 Ill. 306, to comment on the requirements of this act, and on the powers and duties of the commissioners to be appointed under it, and held they had no power to establish new corners or lines, but to ascertain the original corners and lines, and re-establish them.

It is insisted by appellant that the corner in question is not correctly established by the last report made to the court and approved, for the reason, chiefly, that the north-east corner of section twenty-two is not reached by a direct line from the south-east corner of that section, or from the north-east corner of section fifteen, but is some distance west of it, and hence, the half mile corner on the north line of section twenty-two is too far west. Appellant also contends that, inasmuch as all the north and south lines in a township are direct lines, for that reason also the established corner is incorrect.

A reference to the plats and field notes, as returned by the government surveyors, will show that the theory of appellant in this respect is not correct, for it is seen that at very many section corners on the lines from south to north, or *vice versa,* the lines do, more or less, deflect either to the east or to the west. A reference to the east and west distances in a township will satisfy any one that such is the fact, hence, the objection that the north-east corner of section twenty-two is not directly north by a direct line from south to north with the other section corners, but is west of it, and therefore, that the half mile corner of the north line of the section is too far west, is not tenable.

The surveyors, in coming to the conclusions they reached, were very much influenced by the testimony of John H. Gray, who had resided near the point in question for forty years. His testimony is clear and convincing that the point established as the half mile corner is the true one. To test its correctness, the surveyors ran lines north, east and west, and from these tests they were satisfied, as we are, that they had found the old government corners as established by the United States surveyors. The objection urged by appellant, that the established corner is not exactly in the centre between the north-east and north-west corners of the section, is of no force, for reasons already given. This court has always held that when original corners can be found, they must control

Syllabus.

both courses and distances. *Colvin* v. *Fell,* 40 Ill. 418. To the same effect is *Martz et al.* v. *Williams et al. supra.*

An objection is made, that the surveyors were not sworn previous to entering upon the performance of their duties. Whilst the statute does not require them to be sworn, it appears from the record that two of them were sworn on their first appointment, and the third is claimed to have been the county surveyor, who is a sworn officer.

We find no ground for the objection that the surveyors received improper testimony.

Perceiving no error in the record and proceedings, the judgment must be affirmed.

*Judgment affirmed.*