## JOHN H. ATKINS

*v.*

## THOMAS HUSTON *et al.*

*Filed at Ottawa May 10, 1883.*

1. PERMANENT SURVEY OF LAND—*setting aside surveyor's report and appointing new commission, after verdict—trial de novo.* Under the act of March 29, 1869, "to provide for the permanent survey of lands," when a trial is had by jury, on objection to the report of the surveyors, resulting in a verdict against the report, and in favor of the objector, and the court, though overruling a motion for a new trial, sets aside the report and the commission, and appoints a new one, this is, in effect, a setting aside of the verdict, and thereafter the proceeding is one *de novo*, and all things done under the first commission, including the verdict of the jury, falls through and comes to naught. This having been done, the verdict returned under the first commission could not be regarded as an adjudication upon the question at issue so as to conclude the parties.

2. SAME—*evidence on second trial.* Where a trial is had on objections to the report of a commission of surveys to establish corners and disputed lines, and a finding is given against the correctness of such report, which is

set aside and a new commission appointed, and objections are filed to the second report, on the second trial it is error to admit in evidence the verdict of the jury and all the papers and proceedings in the first trial, even though both reports fix the corners and lines substantially the same.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Henderson county.

Mr. J. M. KIRKPATRICK, for the appellant.

Messrs. STEWART & GRIER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This proceeding was an application, by petition, of John H. Atkins, under the act of March 25, 1869, "to provide for the permanent survey of lands," to the circuit court of Henderson county, to have the boundaries of certain land of his permanently established. In pursuance of the act the court appointed a commission of surveyors, who acted, and made report of their survey, establishing the corners and boundaries, to which report appellees filed objections, whereupon a trial was had by a jury, resulting in a verdict against the petitioner. The court overruled a motion for a new trial, and in the same order overruling such motion set aside the report made by the commission, and set aside the commission, and appointed a new commission to make survey of the lines, boundaries and corners in dispute. This second commission made report of their survey to the court, to which report appellees filed objections, and thereupon a second trial by a jury was had, which resulted in a verdict in favor of appellees, and, after overruling a motion for a new trial, the court entered judgment upon the verdict in favor of appellees, and dismissed the petition. Upon appeal to the Appellate Court for the Second District the judgment was affirmed, and the petitioner appeals to this court.

Upon the second trial the verdict of the jury and all the papers and proceedings in the first trial were introduced in evidence, against the objection of appellant. In this, we are of opinion, there was error. The second trial should have been by itself, in entire independence of the former trial, and the verdict of the jury and proceedings on that trial should not have been admitted in evidence to influence the jury's decision in the last trial. The justification which is offered for the court's ruling is, that the second commission reported the same line which was reported by the first commission, and as the verdict of the first jury found that line not to be the correct line, that verdict, as an adjudication upon the question, estopped appellant from again trying an issue upon the correctness of that line, and that hence the proceedings of the first trial were properly admitted to show a former adjudication of the question. We do not think it appeared that the line reported by the second commission was, in fact, the same line as that reported by the first commission. It is admitted that the corner established by the second commission at the south-east corner of section 25, one of the corners to be established, is five links east and five links south of the corner established at that place by the first commission. The answer is, that the lines were practically the same. We can not accept this as warrant for introducing in evidence the proceedings of the first trial, and we are inclined to think that the first verdict was not an adjudication which should conclude appellant at all. Although the court, upon the rendition of the first verdict, overruled a motion for a new trial, yet afterward, in the same order overruling such motion, it set aside the report of the first commission, set aside the commission, and appointed a new commission. We think all this was, in effect, setting aside the first verdict.

The act is an anomalous one, and it makes no provision for any trial by jury. But we held, in *Townsend* v. *Radcliffe*, 63 Ill. 9, in respect to this proceeding, that if objections were

made to the commission's report of survey, denying its correctness, an issue of fact would be thus formed, upon which any party to the record would have the right of a trial by jury. And when this same case was before us once before, (*Huston* v. *Atkins*, 74 Ill. 474,) we reversed the judgment because of the denial of a trial by jury. The act provides that the court shall hear and determine the objections to the report, and enter an order or judgment either approving or rejecting the report, or modifying and amending the same, according to the rights and interests of the parties, or may refer the same back to the commission to correct their report and survey in conformity with the judgment of the court, or the court may, for good reason, set aside the commission and appoint a new commission, who shall proceed *de novo,* and survey and determine the boundaries and corners of the lands in question.

We incline to the opinion that by the setting aside of the report of the first commission, and setting aside the commission, and appointing a new commission, the proceeding thenceforth, as respected the commission, was one *de novo,* and all that had been done under the first commission, including the verdict of the jury, fell through, and came to naught.

The judgment of the Appellate Court is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

Mr. JUSTICE CRAIG took no part in the decision of this case.