AMOS T. HOOD
*v.*
BELL PRICE THARP *et al.*

*Opinion filed June 19, 1907.*

CONSTITUTIONAL LAW—*act of 1901, to provide for a permanent survey of lands, is constitutional.* The act of 1901, (Laws of 1901, p. 307,) to provide for a permanent survey of lands, is not in violation of the provisions of the constitution and is a valid enactment. (*Townsend* v. *Radcliffe,* 63 Ill. 9, followed.)

APPEAL from the Circuit Court of Clinton county; the Hon. S. L. DWIGHT, Judge, presiding.

MURRAY & BECKEMEYER, and W. F. BUNDY, for appellant.

THOMAS E. FORD, and FRANK F. NOLEMAN, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Hood, the appellant, filed a petition in the circuit court of Clinton county under an act of the General Assembly entitled "An act to provide for the permanent survey of lands," approved May 10, 1901. (Hurd's Stat. 1905, p. 1984.) The purpose of the proceeding was to establish the boundary line between the adjoining lands of appellant and appellees. To the petition the appellees interposed a demurrer on the ground that the statute under which the suit was brought was unconstitutional and void. The court sustained the demurrer and dismissed the petition, whereupon Hood appealed.

In 1869 the legislature passed an act, which became a law, bearing precisely the same title as the present act. (Sess. Laws of 1869, p. 241; Gross' Stat. 1871, p. 726.) That statute was repealed in 1874. (Rev. Stat. 1874, chap. 131, sec. 734, p. 1040.) The present act is an exact transcript of the law of 1869 and is merely a re-enactment of that statute. The constitutionality of the earlier law was challenged in the case of *Townsend* v. *Radcliffe*, 63 Ill. 9. This court there construed that statute, and determined that the act as so construed was consonant with the constitution of 1848. The provisions of the present constitution which appellees argue are violated by the statute of 1901 are found, in substance, in the constitution of 1848. No attempt is made to show that the views expressed by this court in the suit just referred to are incorrect. In fact, that case seems to have escaped the attention of counsel, as it is not cited or referred to in either of the briefs filed here. That adjudication was tacitly approved by this court in *Burbank* v. *People*, 90 Ill. 554, and was followed in *Huston* v. *Atkins*,

74 Ill. 474, and in *Atkins* v. *Huston,* 106 id. 492, and we regard it as decisive of the question now presented and accordingly hold that the law of 1901 is a valid enactment. Upon this case being re-docketed in the circuit court, that court in its further proceedings will be governed by the law as it is stated in the opinion of this court in *Townsend* v. *Radcliffe, supra.*

The judgment of the circuit court will be reversed and the cause will be remanded, with directions to overrule the demurrer.    *Reversed and remanded, with directions.*