Harvey M. Burns, Appellant, v. George L. Kimber, Appellee.

BOUNDARIES—*restoring original survey*. The Acts of May 10, 1901, and May 27, 1911, providing for the permanent survey of lands, confer no power upon the commissioners to run new boundary lines, but their duty is simply to ascertain as near as possible lost corners, and to retrace and to re-establish the lines of the original United States survey and those by which purchasers have been influenced and governed in previous conveyances.

Appeal from the Circuit Court of Morgan county; the HON. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

M. T. LAYMAN, for appellant.

KIRBY, WILSON & BALDWIN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

A petition was filed in the Circuit Court of Morgan County, under the act providing for the permanent survey of lands, and in such petition the appellant sets forth that he owns lot No. 10, and the appellee lot No. 9, in Block 21 of the original plat of the City of Waverly, in said Morgan County, and that the lines and corners of said lots are in dispute and unsettled,

and prays for the appointment of a board of survey-
ors to permanently establish the corners and boundary
lines between said lots, in the manner provided by
statute.

Due notice was given the appellee and he appeared
and filed a demurrer to said petition. The court sus-
tained the demurrer, and appellant elected to stand
by his petition, and thereupon the court entered judg-
ment against appellant for the costs of suit, and ap-
pellant prayed for and perfected this appeal.

The question to be here considered is whether or not
the trial court erred in sustaining the demurrer to
this petition.

It will be observed that the petition does not allege
that any survey had ever been made of the lots, or that
the corners and boundary lines of the lots had been
theretofore surveyed and established by the govern-
ment or other authority, but rests his case upon his
right to have a board of surveyors appointed by the
court to survey and establish the corners and boundary
lines because such corners and boundary lines "are
in dispute and unsettled."

The act to provide for the permanent survey of
lands, approved May 10, 1901, was amended, as to
section 2, by the general assembly May 27, 1911, in
force July 1, 1911. Such section, as amended, is a
re-enactment of section 2 of 1901, except as to the
method of giving notice. Hence the Act of 1901, with
the exception of the direction as to notice, is still in
full force and effect.

The statute under consideration provides in section
1 how adjoining owners of lands may, by agreement,
have the boundary lines and corners of their lands
permanently fixed.

Section 2 provides that proprietors owning adjoin-
ing lands, the corners and boundaries whereof are
lost, destroyed or in dispute, or who are desirous of
having the corners and boundaries re-established and
who will not enter into an agreement as provided in

section 1 of the act, may lawfully cause a notice in writing to be served upon adjacent owners, as provided in the act, that application will be made to the circuit court to have a commission of surveyors to permanently establish the corners and boundaries of their lands.

Section 3 of the act, provides for the appointment of three surveyors who shall proceed to make said survey and report their proceedings, accompanied by a plat and survey, and the surveyors shall have power to administer oaths and take and report the evidence so taken of any person who may be able to identify any original government corner or other legally established corner, government line, tree, noted object, stone or monument having been in existence over twenty years, and recognized as an original government corner by the adjoining property owners.

The statute of to-day appears to be, in all respects, the same as the Act of 1869, except as to the manner of giving notice, and the notice in the case at bar is not in question.

In the case of Martz v. Williams, 67 Ill. 306, the court, in construing section 2 of the Act of 1869, says: "Section 2 of the Act of 1869, under which the proceedings were had, provides the manner by which to re-establish corners and boundaries lost, destroyed or in dispute. It nowhere confers power on the commissioners to establish new corners or run new boundary lines, but simply to re-establish those once established by the United States, the original proprietors, and by which corners and boundary lines they sold and conveyed the same to the several purchasers."

Section 2 of the Act of 1869 was again construed by our supreme court in the case of Irvin v. Rotramel, 68 Ill. 11, where it was said: "We had occasion, in the case of Martz v. Williams, 67 Ill. 306, to give our views at some length on the object and purpose of this act, and to express the opinion it was not the prov-

ince of the commission to make new corners and new lines as boundaries, but to establish old corners and retrace old lines—those corners and lines once established by the United States surveys, by which parties purchasing land of the government were influenced and governed. We held it was incumbent on the commissioners, acting under this statute, to ascertain the lines and corners, as near as possible, according to the government survey as actually made, without regard to any mistake the surveyors may think there may have been in the original survey as it was actually made."

The same construction of the section is adopted in the case of Allmon v. Stevens, 68 Ill. 89, where the court holds that: surveyors appointed under the Act of 1869, which provides for the permanent survey of lands, have no power to establish new corners or lines. They are only authorized to ascertain original corners and lines and re-establish them.

By reference to the case of Krause v. Nolte, reported in 217 Ill. 300, it will be observed that the court in construing section 2 of the Act of 1901 said: "It is evident from this section, and indeed from the whole tenor of the act, its object is to provide means by which lost corners may be restored and placed where they properly belong according to the original survey."

In Schrader v. Kehr, 234 Ill. 205, the court, in passing upon the Act of 1901, found it to be practically the same as the Act of March, 1869, and adopted the same construction as announced in all the cases above cited, and said: "It (the act) nowhere confers power on the commissioners to establish new corners or run new boundary lines, but simply to re-establish those once established by the United States."

The petition herein does not allege that the corners and boundaries of the lots have ever been established, nor does it pray to have them ascertained and re-established.

Without reference to other objections raised by appellee, we regard this as sufficient to sustain the ruling of the court below, and the judgment is, therefore, affirmed.

*Affirmed.*