## John McNeil, Appellee, v, Sarah Allen, Appellant.

## Gen. No. 6,406.

1. BOUNDARIES, § 31*—*when statute relating to surveys is inapplicable.* In an action to establish a permanent survey, under the Act of 1901 providing for such surveys (J. & A. ¶ 11143 *et seq.*), where there was a dispute as to boundaries, and the defendant claimed that the act related only to disputes as to corners, *held* that the statute was applicable in cases of disputes as to boundaries.

2. BOUNDARIES, § 44*—*when court has jurisdiction to assess costs.* In an action to establish a survey under the Act of 1901 providing for such surveys (J. & A. ¶ 11143 *et seq.*), where the defendant failed to appear until after the making of the report by the commissioners, and then filed a writing setting up that the line found by the commissioners took about two acres of her land, and prayed for a hearing on such objections, and the writing was stricken from the files, the report approved and costs assessed equally between the parties, and the defendant objected to the assessment of costs against her, *held* that the petition contained averments which gave the court jurisdiction, that there was due service on the defendant and that she did not deny the averments but only presented an issue as to ownership, and that therefore the costs were properly assessed.

3. APPEAL AND ERROR, § 1265*—*when presumed that Supreme Court would have taken jurisdiction of appeal.* In a proceeding under the Act of 1901 providing for the permanent survey of lands (J. & A. ¶ 11143 *et seq.*), where the defendant argued the case on the theory that the title to real estate was involved in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

proceeding, and it appeared that an appeal had been prosecuted to the Supreme Court, where the cause was transferred to the Appellate Court, *held* that it was to be assumed that if such contention had been correct the Supreme Court would have taken jurisdiction of the appeal.

4. BOUNDARIES, § 34*—*what cannot be determined in proceedings for establishment of boundaries.* In proceedings under the Act of 1901 providing for the permanent survey of land (J. & A. ¶ 11143 *et seq.*), where the defendant by objections in writing to the commissioners' report sought only to present an issue as to the title to a certain strip which she claimed the proceedings might deprive her of, and where the objections were stricken from the files and the report approved, *held* that although an issue might have been presented by objections to the report which would have entitled the defendant to a jury trial, the issue presented was not one which could have been determined in the proceedings in question.

5. BOUNDARIES, § 32*—*what are powers of commissioners in proceedings to establish.* In proceedings under the Act of 1901 (J. & A. ¶ 11143 *et seq.*), providing for the permanent survey of lands, where one of the parties sought to have the title established to a strip which she claimed the proceeding might deprive her of, *held* that the proceedings were not to establish the title of the parties to any portion of the property as to which a boundary line was to be restored, and that the commissioners had no power to establish new corners or run new boundary lines, but simply to re-establish those once established by the United States.

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 19, 1917.

A. A. WOLFERSPERGER, for appellant.

HENRY C. WARD, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is a proceeding under the Act of 1901 and amendments, providing for the permanent survey of lands (J. & A. ch. 133, ¶ 11143 *et seq.*). The act is a re-enactment of the law of 1869 except as to amend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ments of section 2 in 1911, which do not affect any question here involved.

Appellee, John McNeil, filed a petition under that statute in the Circuit Court averring that he owned farm lands, particularly described, adjoining lands of Sarah Allen, the appellant, with common corners and common boundaries between them, with other appropriate averments to bring the case within the statute, and asked for a permanent survey in accordance with its provisions. In due time the petitioner appeared. Sarah Allen did not appear. The court appointed a commission, which made a report not shown by the abstract. Appellant then appeared and filed a writing in which she set up that the line found by the commission was some distance over on her land from one that had been established by agreement in 1868 and acquiesced in ever since that time; that she would lose about two acres of land, and asked that the cause be set for hearing upon the facts so that she might be able to present her evidence to sustain her objections to the report. The court on motion of appellee struck said writing from the files, and entered a final order approving and confirming the commissioner's report and directing that the expense account of said commissioners, and the costs of the court, and recording of the plat and report be equally divided and equally charged against the petitioner and said Sarah Allen. She obtained orders for and prosecuted an appeal to the Supreme Court, where the cause was transferred to this court.

Appellant argues her case on the theory that title to the strip of land is involved in this proceeding. If she was right in that view of the case we assume the Supreme Court would have taken jurisdiction on her appeal. Its action in transferring the case is an answer to any suggestion that a question of title is involved. It may be said on the authority of *Townsend*

*v. Radcliffe,* 63 Ill. 9; *Huston v. Atkins,* 74 Ill. 474; *Atkins v. Huston,* 106 Ill. 492; and *Hood v. Tharp,* 228 Ill. 244, that an issue might be presented by objections to the commissioners' report that would entitle any party interested to a jury trial; but the issue sought to be presented by appellant was simply and only that she had acquired title to a strip of land by adverse possession of which this proceeding might deprive her. It was held in *Krause v. Nolte,* 217 Ill. 298, that the statute does not confer power on the commissioners to establish new corners or run new boundary lines, but simply to re-establish those once established by the United States; that the proceeding is not one to establish title of the parties to any portion of the property as to which a boundary line has to be restored. The court said "Establishing title is an entirely different matter from re-establishing and restoring lost corners or disputed boundaries." The same was held, in substance, in *Schrader v. Kehr,* 234 Ill. 205, where the court said that after the lost corners and boundaries have been located the rights of the parties to the lands in controversy must be determined in a proceeding at law for that purpose, citing and discussing earlier Illinois cases. *Rich v. Naffziger,* 248 Ill. 455, follows the doctrine of the two last cited cases. The court said the line run by the commission of surveys must be accepted as the true line in determining the record title, but there still remained the question whether the assertion of the legal title by the owner was barred by adverse possession; that although the defendants (in a trespass case) did not have the record title to the land in question, they might show that they had acquired title by virtue of the statute of limitations. The authorities are reviewed and discussed in *Burns v. Kimber,* 176 Ill. App. 515. It follows that the trial court did not err in striking from the files a pleading presenting only an issue that could not be determined in that proceeding.

Appellant suggests that the petition did not show that the dispute between the parties related to governmental corners or boundaries; that there is in fact no dispute as to the government corners, and that the statute expressly states that there must be a dispute and that appellant refused to enter into "an agreement to locate such corners." The statute is not limited to disputes as to corners. Section 2 of the Act is a provision for cases where "corners and *boundaries* are in dispute," or where it is desired to have "corners and *boundaries* permanently established." It sufficiently appeared by the petition, and certainly appears on the record here, that there was a dispute as to the "boundaries."

Appellant complains that the court assessed her one-half of the costs of the proceeding, and says that it is true the statute provides "the expenses and costs of the surveys and suits shall be apportioned among all the parties according to their respective interests" but that the statute should not be applied because the whole proceeding is based on an entirely different proposition than the act calls for, and there is no evidence in the case showing that appellant refused to enter into an agreement to have a commission appointed, and no evidence in the case that there is a dispute as to the division line; therefore she should not be assessed one-half the costs. The petition, which was sworn to, contained averments which, if true, gave the court jurisdiction. There was due service on appellant. She did not deny those averments but only presented an issue on the ownership of the land. The court seems to have followed the statute in apportioning the costs and did not err in so doing. *Stevens v. Allman,* 68 Ill. 245. Finding no error in the record, the judgment is affirmed.

*Affirmed.*