(No. 17623.—Reversed and remanded.)
JENS K. DOE, Appellant, *vs.* WILLIAM D. JONES *et al.*
Appellees.

*Opinion filed October 22, 1927—Rehearing denied Dec. 7, 1927.*

1. CONSTITUTIONAL LAW—*when party is not estopped to question validity of statute.* A private surveyor is not estopped to question the validity of the act requiring a certificate or license by reason of his having obtained a license under the act and a renewal of it from year to year, where charges have been made against him by the board of examiners under the act which, if sustained, might result in the cancellation of his certificate entitling him to practice surveying, which he would be entitled to practice without a license should the act be held void.

2. SAME—*act of 1919 for registration and licensing of private surveyors is invalid.* The act of 1919 requiring private surveyors in counties of 250,000 or more to procure a certificate of registration issued by a board of land surveyors before they shall be entitled to practice surveying is invalid, as the act is an unwarranted limitation on the right of contract and an interference with private business without any justification under the police power in the interest of the public safety or welfare.

3. EQUITY—*party may enjoin proceeding against him under invalid statute.* Where charges have been made against a surveyor and the board of land surveyors is about to proceed with a hearing against him under the Surveyors act of 1919, equity will take cognizance of his bill to enjoin such proceeding on the ground that the statute is invalid, where such matters are duly set forth in the bill.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

WEBSTER, HOLMES & HOLMGREN, (DANIEL WEBSTER, and GROVER E. HOLMES, of counsel,) for appellant.

CLAUDE F. SMITH, and WM. C. CLAUSEN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a bill in the superior court of Cook county against the appellees, constituting the board of examiners of land surveyors of Cook county, seeking to en-

join them from proceeding with a trial against him upon a citation issued by the board requiring him to appear on certain charges with reference to his work as a surveyor. Appellees demurred to the bill and the demurrer was sustained. Appellant abided his bill, and a decree was entered dismissing the same for want of equity. He brings the cause here, alleging that the act providing for the appointment and powers of a board of examiners of land surveyors is unconstitutional and void. That is the sole question involved in the case.

Appellees say that appellant is not in a position to question the constitutionality of the act for the reason that he obtained a license from the board of examiners in 1919 and a renewal thereof from year to year, and not until proceedings were instituted against him has he complained of the unconstitutionality of the act; that if the act is unconstitutional his license is of no force and effect, and a court of equity should not be asked to enjoin the board from depriving the complainant of that which he says is of no value or significance. This position is wholly untenable, as the bill shows that charges have been made against him which, if sustained, might result in the cancellation of his certificate entitling him to practice surveying, which the act makes a condition precedent to the practice of surveying. The effect of a revocation of his license would therefore be a denial of that right if the law is valid. The question is properly here.

The act referred to is entitled "An act in relation to land surveyors." Section 1 provides "that on and after January 1, 1920, it shall be unlawful for any person to practice or to attempt to practice land surveying in counties having a population of 250,000 or more, without a certificate of registration as a registered land surveyor issued by a board of land surveyors in pursuance of the provisions of this act." A land surveyor is defined by section 3 of the act as "a person who, for a consideration es-

tablishes one or more corners or boundaries of any tract or lot of land and executes and issues plats thereof signed by himself as a surveyor." Section 2 exempts county surveyors and employees of a city, county, State and the United States from the provisions of the act. Section 5 provides: "Any person who shall make application for registration before the first day of January, 1920, and shall prove to the satisfaction of the said board that he was established in the surveying business at the time of the taking effect of this act, or has been actively engaged in the practice of land surveying, as a surveyor, for a period of not less than five years shall, upon the payment of a fee of $25 to the said board, be registered without examination and shall receive in testimony thereof a certificate signed by the president and secretary of the board: *Provided,* that in case of failure or neglect of any such person to register before the first day of January, 1920, as herein provided, such person shall be deemed to have waived his right of registration under this section, and in order to be registered shall comply with the requirements for registration by examination." By section 6 it is provided that any person not entitled to register, who meets certain requirements prescribed by the board, including proof of at least four years' experience and training as a land surveyor, may, upon the payment of a fee of $25, be examined as provided in the act, and if qualified shall receive a certificate of registration. Section 7 requires that every person receiving such certificate shall display the same in a conspicuous place in his office or place of employment. By section 8 the time and character of the examinations are prescribed. This section provides that the examination shall be as to the knowledge of the applicant of the statutes of the United States and State of Illinois relating to surveying, subdivisions of land, practical surveying and use and adjustment of surveying instruments, also of mathematics as applied to land surveying. By section 9 the right

of renewal on the payment of the sum of two dollars per year is provided. Section 11 provides that the board may refuse to issue or to renew a certificate or may suspend or revoke such certificate for reasons enumerated in that section. Section 14 requires that the board of examiners shall keep a record of its proceedings, which shall be open for public inspection, and a list of certificates issued, with the names and business and residence addresses of the holders thereof. By section 16 a licensed land surveyor is given authority to take evidence under oath. By section 17 plats and certificates of a licensed surveyor shall be received as evidence in court. By section 18 it is provided that the board of examiners "shall issue permits to surveyors of other States to practice within the counties of this State affected by this act when they present credentials showing that they have been admitted to practice under registration or license laws of their own State." (Smith's Stat. 1925, p. 2506.)

It is urged by appellant that this act violates the constitutional provision against unreasonable discrimination, and that it is void as not within the police power of the State. This act is in many respects similar, in effect, to the act concerning the licensing of public accountants, considered by this court in *Frazer* v. *Shelton*, 320 Ill. 253, and there held invalid as not within the police power. That question arises here concerning the regulation of land surveyors. The police power of the State is exercised for the furtherance of the public health, comfort, safety or welfare, and unless an act restricting the ordinary occupations of life can be shown to fall within the police power such act is void. It is not to be doubted that such occupations as the practice of medicine and surgery and other treatment of human ills, and the profession of law by reason of its influence on the protection and safety of the rights of property and liberty, do affect the public welfare, as does the manner of construction of buildings affect the

public safety. These occupations, therefore, may properly, under the police power, be regulated. What, then, is there in the occupation of land surveying that brings its regulation within the safeguards of the police power? Under this statute county surveyors and employees of a city, county, the State and the United States are exempt from the act. In other words, those having to do with surveying for the public are not required to be licensed. There is seen in the act, therefore, no element of public welfare as such pertains to the protection of the public business. It appears that the surveyors coming under the act are those whose practice is largely confined to private contract. While their plats, and certificates thereto, shall be received in evidence and may be recorded in the county where the land affected lies, subject to statutory provisions relating to the approval, recording and filing of plats of subdivisions and dedications, yet they are not to be taken as of more binding force than other evidence of land measurements, though section 7 of the statute relating to county surveyors (Smith's Stat. 1925, p. 2505,) provides that the plats of a county surveyor shall be *prima facie* evidence of the correctness of the measurements there given. As a result of the operation of the statute in question, private individuals desiring a survey must select their surveyor from those licensed by the board, and in the absence of an element of public safety or welfare such is an unwarranted limitation on the right of contract and a void interference with private business. As was said by this court in *Frazer* v. *Shelton, supra:* "In order to say that private business must, in the interest of public welfare, employ one certified by the State, it must appear that the effect of an audit of that business is a matter of public welfare and not of private concern." If the effect of the work of a land surveyor is but a matter of private concern, the law regulating and licensing it as a business is an unwarranted regulation of private business and of the right to contract. While the

legislature in this State has passed acts providing for the permanent survey of lands and the establishment of permanent lines and corners by a commission of surveyors, such acts have been in the interest of the public welfare or were acts providing for the settlement of disputes and have therefore been held valid. (*Hood* v. *Tharp,* 228 Ill. 244.) Such acts are not the regulation of private business.

Counsel for appellees urge that since architecture and structural engineering have been held to be occupations that may be regulated and licensed, land surveying should likewise be so held. Architecture and structural engineering directly affect the public safety, in that the construction of houses in cities is of substantial influence in affecting the danger from fire and other causes. We are unable to see wherein the determination of a corner as established by the government is a matter which comes within the police power of the State to regulate. For the reasons given in the case of *Frazer* v. *Shelton, supra,* and cases there cited, we are constrained to hold that the act is invalid as not within the police power of the State.

It is also contended by appellees that equity has no jurisdiction as appellant has a complete remedy at law, either by *mandamus* or *certiorari* proceedings. He alleges, however, in his bill that the board of land surveyors is about to proceed with a hearing against him, which it has no authority to hold if the Surveyors act is unconstitutional. He is therefore properly in a court of equity seeking to enjoin the board from proceeding with an illegal act to his detriment.

The superior court of Cook county erred in sustaining the demurrer to the bill and dismissing the same for want of equity. The decree will therefore be reversed and the cause remanded to that court, with directions to overrule the demurrer. *Reversed and remanded, with directions.*